IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FRANK ARDOLINO, INDIVIDUALLY §
and AS REPRESENTATIVE OF THE §
ESTATE OF CANDYCE ARDOLINO, §
Deceased, KIMBERLY NICOLAUS and §
MARGARET TEMPLE, §
 §
Plaintiffs, §
 §
VS. § CIVIL ACTION NO. 2-03CV-429
 §
TOYOTA MOTOR CORPORATION, §
 §
Defendant. §

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW FRANK ARDOLINO, INDIVIDUALLY and AS REPRESENTATIVE OF THE ESTATE OF CANDYCE ARDOLINO, Deceased, KIMBERLY NICOLAUS AND MARGARET TEMPLE, hereinafter referred to as Plaintiffs, and files this Original Complaint complaining of TOYOTA MOTOR CORPORATION, hereinafter referred to as Defendant, and states the following:

### A. Parties

1. Plaintiff Frank Ardolino is the husband of decedent, Candyce Ardolino and he resides in and is a citizen of Allen, Collin County, Texas.

2. Plaintiff Kimberly Nicolaus is the biological child of Candyce Ardolino and she resides in and is a citizen of Allen, Collin County, Texas.

3. Plaintiff Margaret Temple is the biological mother of Candyce Ardolino and she resides and is a citizen of Allen, Collin County, Texas.

4. Toyota Motor Corporation is a foreign Corporation doing business in Texas and service of process upon this Defendant may be had by serving its president, Shoichiro Toyoda, at 1 Toyota-Cho, Toyota, 0471, Japan.

## B. Jurisdiction

4. This court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332. The parties to this lawsuit are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## C. Facts

5. On June 17, 2003, Decedent, Candyce Ardolino, was driving a 2001 Toyota Camry (VIN # 4TBG22K61U079453) eastbound on I-20 when her vehicle was blinded by spray and she struck the rear of a tow truck parked on side of the road which caused her vehicle to be struck in the rear by a third vehicle.

6. At the time of the accident, Decedent, Candyce Ardolino, was properly wearing her 3-point seatbelts, but she was ejected when her seatbelt separated and her door separated from the vehicle.

## D. Cause of Action
## As To Defendant Toyota Motor Corporation

7. It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

8. The injury occurred because the vehicle in question was not reasonably crashworthy and was not reasonably fit for unintended, but clearly foreseeable accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident because of the following defects:

    a.    Defendant knew that its occupant survival space was subject to being compromised due to a lack of structural integrity;

  b.  Defendant knew that there was no reinforcement at the A-pillar/header junction;
  c.  Defendant knew that its front doors did not contain a backing plate so that it could pull completely away from the hinge;
  d.  Defendant knew that its B-pillar anchor was not reinforced and had no overlapping structure to prevent separation;
  e.  Defendant knew that the door and structural system had to work as a unit;
  f.  Defendant knew its vehicle was not crashworthy; and
  g.  Defendant knew its seatbelt was susceptible to tearing apart.

9. Defendant designed, manufactured, marketed, assembled and tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed and tested because Defendant knew that the vehicle's the components were defectively designed, assembled, marketed or tested.

10. Defendant was negligent in the design, manufacture, assembly, marketing and testing of the vehicle in question.

11. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of Candyce Ardolino's fatal injuries.

12. The foregoing acts and omissions of Defendant were a producing and/or proximate cause of Plaintiffs' injuries.

### E. **Damages to Plaintiff**

13. As a result of the acts and/or omissions of Defendant, Decedent, Candyce Ardolino, suffered physical pain and suffering, anguish and emotional distress prior to her death and these damages survive her death.

14. As a result of the acts and/or omissions of Defendant, Plaintiff Frank Ardolino, Kimberly Nicolaus and Margaret Temple have suffered extreme emotional distress, mental anguish and loss of consortium in the past and, in all likelihood, will into the future resulting from the death of Candyce Ardolino.